**ASSOCIATION OF FAIR COMPETITIVE PRACTICES IN AIR CONDITIONING, INC., Appellant,**

v.

**PUBLIC SERVICE COMMISSION of the District of Columbia et al., Appellees.**

**No. 20075.**

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 19, 1967.

Decided Feb. 2, 1967.

---

Mr. William A. Roberts, Washington, D. C., for appellant.

Mr. C. Belden White, II, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Milton D. Korman, Principal Asst. Corporation Counsel, and George F. Donnella, Asst. Corporation Counsel, were on the brief for appellee, Public Service Commission of the District of Columbia. Mr. Charles T. Duncan, Corporation Counsel, also entered an appearance for appellee, Public Service Commission of the District of Columbia.

Mr. John J. Wilson, Washington, D. C., with whom Messrs. Charles J. Steele, C. Oscar Berry and Karl H. Michelet, Washington, D. C., were on the brief, for appellee, Washington Gas Light Company.

Before BAZELON, Chief Judge, and McGOWAN and ROBINSON, Circuit Judges.

## PER CURIAM.

Appellant is a nonprofit corporation which represents persons engaged in the business of selling, installing, and servicing air-conditioning equipment. As such, it objected to a rate application filed with the Public Service Commission of the District of Columbia by Washington Gas Light Company. That rate was embodied in contractual arrangements reached between the utility and Watergate Improvements, Inc., for the supplying by the former of steam and chilled water for the heating and air-conditioning of the complex of office and apartment buildings to be built by Watergate. The equipment required for heating and cooling water was leased by Gas Light Company from a third party and installed by it on the premises where it was to be fueled by gas under the interruptible rate schedule, with oil as the stand-by energy source.

Appellant was permitted to intervene and participate fully in the Commission proceedings. When the Commission approved the rate application, appellant sought review of that action in the District Court, as contemplated by 43 D.C. Code § 705. The judgment appealed from is a grant by the District Court of appellee Gas Light Company's motion for summary judgment.

It appears to us that, if appellant had standing at all to attack the proposed rate, it could only have been as a consumer of gas who might, like all such consumers, be adversely affected if the rate and service were discriminatory or improvident. Pretermitting what would seem to be a serious question as to whether that standing can be claimed by appellant, we note that it was given every opportunity to show that Gas Light Company's proposed rate and service were unlawful and not in the public interest. The District Court found that the Commission's determinations on the merits were supported by substantial evidence, and were not arbitrary or capricious. We find no warrant in this record to interfere.

Doubtlessly because of appellant's highly tangential relationship to the proceeding, its points in this court probe at several unrelated levels. We have examined them all, and are not persuaded that any remedial intercession by us is in order. Two in particular perhaps merit comment. First, appellant insists that the service proposed to be furnished Watergate is *ultra vires* of Gas Light Company's corporate powers, both because its charter has been unlawfully amended and because the use of oil is outside that charter even as amended. Congress has, however, adopted for the District of Columbia the modern view as to the limitations which should be placed upon capacity to challenge asserted excesses of corporate powers. 29 D.C.Code § 905.

Appellant is not one of those in whom such capacity has been vested.[1]

■■■■ Secondly, appellant complains of the Commission's failure to embark upon a wide-ranging inquiry into the general merchandising practices of Gas Light Company with respect to air-conditioning equipment. But these matters upon their face are wholly independent of, and unrelated to, the proposed service to Watergate, which was the only issue raised by the rate application. The testimony here on behalf of appellant itself was that none of its members could handle the Watergate project. We do not see why the Commission was compelled to explore the fears of appellant that a more aggressive policy by Gas Light Company in seeking valley markets for gas in order to keep its costs down might result in fewer sales of equipment by dealers in other—and wholly hypothetical—situations. The Commission, like all similar regulatory bodies, has both the authority and the responsibility to survey the impact upon consumers of allegedly dubious merchandising practices of utility companies, including those which grow out of sharpening competition between them. But the issues generated in the context of this proceeding did not require the Commission to range beyond the scope of the application before it.

The judgment appealed from is

Affirmed.

1. Appellant argues that the Commission should not have refused to inquire into the legality of the amendment; and it included in its complaint in the District Court a prayer that the latter declare the amendment unlawful. Appellant was clearly without standing to seek this judicial relief; and, as to the former, we note only that no regulatory body such as the Commission is bound to allow a particular utility under its charge to render a proposed service simply because its charter embraces it as a matter of corporate power.